UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANTOS RODRIGUEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>KELLY SANTORO, *Warden at North Kern State Prison*,<br><br>    Defendant. | Case No. 1:21-cv-01263-HBK (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL<br><br>(Doc. No. 4) |

    Plaintiff Santos Rodriguez is a former state prisoner proceeding on his complaint filed pursuant to 42 U.S.C. § 1983. (Doc. No. 1). Pending before the Court is Plaintiff's construed motion seeking appointment of counsel filed September 3, 2021. (Doc. No. 4).

    The United States Constitution does not require appointment of counsel in civil cases. *See Lewis v. Casey*, 518 U.S. 343, 354 (1996) (explaining *Bounds v. Smith*, 430 U.S. at 817, did not create a right to appointment of counsel in civil cases). This Court has discretionary authority under 28 U.S.C. § 1915 to appoint counsel for an indigent to commence, prosecute, or defend a civil action. *See* 28 U.S.C. § 1915(e)(1) (stating the court has authority to appoint counsel for people unable to afford counsel); *see also United States v. McQuade*, 519 F.2d 1180 (9th Cir. 1978) (addressing relevant standard of review for motions to appoint counsel in civil cases) (other citations omitted). However, motions to appoint counsel in civil cases are granted only in

"exceptional circumstances." *Id.* at 1181.  The Court may consider many factors to determine if exceptional circumstances warrant appointment of counsel including, but not limited to, proof of indigence, the likelihood of success on the merits, and the ability of the plaintiff to articulate his or her claims *pro se* in light of the complexity of the legal issues involved.  *Id.*; *see also Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds on reh'g en banc*, 154 F.2d 952 (9th Cir. 1998). The Court "is not required to articulate reasons for denying appointment of counsel if the reasons are clear from the record." *Johnson v. United States Dept. of Treasury*, 939 F.2d 820, 824 (9th Cir.1991).

Plaintiff's motion seeking appointment of counsel consists of a single sentence: "I'd like to request a lawyer under these completely new and different circumstances of this technology." (Doc. No. 4).  Due to the brevity of the motion, the Court cannot discern what "technology" or circumstances are challenging Plaintiff.  Normal challenges faced by *pro se* litigants do not warrant appointment of counsel.  *Siglar v. Hopkins*, 822 F. App'x 610, 612 (9th Cir. 2020) (denying appointment of counsel because the plaintiff's "circumstances were not exceptionally different from the majority of the challenges faced by *pro se* litigants.")  Unfamiliarity with the law is a common challenge for *pro se* litigants.  Plaintiff fails to show exceptional circumstances to warrant appointment of counsel at this stage of the proceedings.  Should this case progress and Plaintiff's circumstances change so that he is able to demonstrate exceptional circumstances, he may renew his motion for appointment of counsel at that time.[1]

Accordingly, it is **ORDERED**:

Plaintiff's motion to appoint counsel (Doc. No. 4) is DENIED without prejudice.

Dated:   September 7, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff is welcome to view the resources for *pro se* litigants available at https://prose.cacd.uscourts.gov/.  While the website is specific to our neighboring Central District of California, it nonetheless contains information helpful for guiding *pro se* litigants in the Eastern District.