UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANTOS RODRIGUEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>KELLY SANTORO, Warden at North Kern State Prison<br><br>    Defendant. | Case No. 1:21-cv-1263-HBK<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION<br><br>(Doc. No. 1)<br><br>FOURTEEN-DAY OBJECTION PERIOD |

## I. BACKGROUND

Plaintiff filed an initial complaint in this action on May 26, 2021. (Doc. No. 1). He contends "[m]y mind has been used by some technology" for various ills and "[m]y mind has been tortured and captured." (*Id.* at 3 ¶ 3-4). He seeks freedom from this torture and $20 million. (*Id.* at 6 § E).

Plaintiff submitted a motion to proceed *in forma pauperis* on September 3, 2021. (Doc. No. 5). On September 8, 2021, the Court granted the motion and indicated it would screen the Complaint under 28 U.S.C. § 1915 by separate order. (Doc. No. 7).

## II. APPLICABLE LAW AND ANALYSIS

Because Plaintiff is proceeding *in forma pauperis*, the Court may dismiss this action "at any time" if the Court determines, *inter alia*, the action is frivolous or fails to state a claim. 28

U.S.C § 1915(e)(2)(B)(i)-(ii).[1]

**A. Lack of Subject Matter Jurisdiction**

A federal court lacks jurisdiction to consider claims that are "essentially fictitious," "obviously frivolous," or "obviously without merit." *Hagans v. Lavine,* 415 U.S. 528, 537, 94 (1974). Thus, a "claim may be dismissed for want of subject-matter jurisdiction if it is not colorable" or if it "is 'wholly insubstantial and frivolous.'" *Arbaugh v. Y & H Corp.,* 546 U.S. 500, 513 n.10 (2006) (citations omitted); *see also* Shapiro v. McManus, 577 U.S. 39, 45 (2015) (insubstantiality for jurisdictional purposes "has been equated with such concepts as 'essentially fictitious,' 'wholly insubstantial,' 'obviously frivolous'"); *Franklin v. Murphy,* 745 F.2d 1221, 1227 n.6 (9th Cir. 1984) ("A paid complaint that is 'obviously frivolous' does not confer subject matter jurisdiction").

Though framed as Eighth Amendment violations, at issue here are precisely the type of frivolous claims that are subject to dismissal for lack of jurisdiction. *See Best v. Kelly,* 39 F.3d 328, 330-331 (D.C. Cir. 1994) (finding that claims that are "essentially fictitious" include those that allege "bizarre conspiracy theories, any fantastic government manipulations of their will or mind [or] any sort of supernatural intervention."); *e.g., Tooley v. Napolitano*, 586 F.3d 1006 (D.C. Cir. 2009) (claims that alleged a combination of "sloth, fanaticism, inanity and technical genius" against government officials in retaliation for plaintiff's conversation with airline employee were insubstantial); *Newby v. Obama,* 681 F.Supp. 2d 53 (D.D.C. 2010) (dismissing as frivolous claims that President George W. Bush and his agents stalked plaintiff and caused a Kinko's employee to shut down the copying machines to prevent her from filing a mandamus application to enjoin the senate); *Curran v. Holder,* 626 F.Supp. 2d 30, 33 (D.D.C. 2009) ("claims relating to alleged government surveillance and harassment of her are the type of 'bizarre conspiracy theory' that warrant dismissal under Rule 12(b)(1)"); *Yacoub v. United States,* 2007 WL 2745386 at *1 (W.D. Wash., Sept. 20, 2007) (dismissing as frivolous plaintiff's claims that "defendants have

---

[1] Though Plaintiff used a civil rights complaint template for prisoners, his address and later filings clarify that he was not incarcerated when he commenced this action. (Doc. No. 2). Thus, it is appropriate to screen his claims under 28 U.S.C § 1915, not 28 U.S.C § 1915A.

used toxic chemicals, telepathy, color coding, astral bodies, electromagnetic waves, and other methods to control his mind and bodily functions"). The undersigned therefore recommends that the Court dismiss this action for lack of subject matter jurisdiction.

### B. Failure to State a Claim

Alternatively, even if the Court has jurisdiction over this action, the undersigned recommends dismissal of the Complaint for failure to state a claim. 28 U.S.C § 1915(e)(2)(B)(ii). Dismissal for failure to state a claim in this context is governed by the same standard as dismissal under Federal Rule of Civil Procedure 12(b)(6). *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). As such, a complaint must contain sufficient factual matter to state a claim to relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A complaint is plausible on its face when it contains sufficient facts to support a reasonable inference that the defendant is liable for the misconduct alleged." *Id*. At this stage, the Court accepts the facts stated in the complaint as true. *Hosp. Bldg. Co. v. Rex Hosp. Tr.*, 425 U.S. 738, 740 (1976). The Court does not accept as true allegations that are merely conclusory, unreasonable inferences, or unwarranted deductions. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). Nor are legal conclusions considered facts. *Iqbal*, 556 U.S. at 678.

Here, Plaintiff's Complaint fails to allege facts in support of any claim. Fed. R. Civ. P. 8(a)(2) (a complaint must contain "a short and plain statement of the claim showing the pleader is entitled to relief"). Plaintiff checks boxes next to the following issues underlying his claim: threat to safety, access to the courts, exercise of religion, medical care, retaliation, and torture. (Doc. No. 1 at 3 ¶ 2). The Complaint includes cursory allegations that the use of "some technology" harmed Plaintiff. Apparently, this harm occurred at eight different institutions over a four-year period. (*Id*. at 1, 3). The Complaint does not attribute any acts to the named Defendant or to any other person. The allegations are not sufficiently detailed to state a claim, nor as discussed *supra*, are they plausible. *See Eclectic Properties East, LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 996 (9th Cir. 2014) (plaintiff must make allegations that "nudge their claims across the line from conceivable to plausible"). It is also clear that, given the type of allegations—use of technology by a prison official to harm Plaintiff's mind—Plaintiff cannot amend to state a plausible cause of

action. *See Al-Haramain Islamic Foundation, Inc. v. Obama*, 705 F.3d 845, 855 (9th Cir. 2012).

### III.  CONCLUSION

Accordingly, it is ORDERED:

1. The Clerk shall assign this case to a district judge.

It is further RECOMMENDED:

2. This case be dismissed without prejudice for lack of subject matter jurisdiction or, in the alternative, with prejudice, for failure to state a claim.

3. The Clerk of Court be directed to terminate any pending motions/deadlines and close this case.

### NOTICE TO PARTIES

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, a party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:     December 8, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE