UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANTOS RODRIGUEZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>KELLY SANTORO, *Warden at North Kern State Prison*,<br><br>　　　　Defendant. | Case No. 1:21-cv-01263-HBK (PC)<br><br>ORDER DENYING PLAINTIFF'S SECOND MOTION TO APPOINT COUNSEL<br><br>(Doc. No. 12) |

　　　　Plaintiff Santos Rodriguez, a former state prisoner, has pending a *pro se* complaint filed on August 19, 2021. (Doc. No. 1). The undersigned issued Findings and Recommendations that the district court dismiss the complaint for failing to state claim. (*See* Doc. No. 11). Plaintiff moves a second time for appointment of counsel because his "mind isn't capable of answering these allegations." (Doc. No. 12).

　　　　As noted in the Court's September 8, 2021 Order, the United States Constitution does not require appointment of counsel in civil cases. *See Lewis v. Casey*, 518 U.S. 343, 354 (1996) (explaining *Bounds v. Smith*, 430 U.S. at 817, did not create a right to appointment of counsel in civil cases). This Court has discretionary authority under 28 U.S.C. § 1915 to appoint counsel for an indigent to commence, prosecute, or defend a civil action. *See* 28 U.S.C. § 1915(e)(1) (stating the court has authority to appoint counsel for people unable to afford counsel); *see also United*

*States v. McQuade*, 519 F.2d 1180 (9th Cir. 1978) (addressing relevant standard of review for motions to appoint counsel in civil cases) (other citations omitted). However, motions to appoint counsel in civil cases are granted only in "exceptional circumstances." *Id.* at 1181. The Court may consider many factors to determine if exceptional circumstances warrant appointment of counsel including, but not limited to, proof of indigence, the likelihood of success on the merits, and the ability of the plaintiff to articulate his or her claims *pro se* in light of the complexity of the legal issues involved. *Id.*; *see also Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds on reh'g en banc*, 154 F.2d 952 (9th Cir. 1998). The Court "is not required to articulate reasons for denying appointment of counsel if the reasons are clear from the record." *Johnson v. United States Dept. of Treasury*, 939 F.2d 820, 824 (9th Cir.1991).

As pointed in the undersigned's Findings and Recommendations, the complaint alleges fantastic and delusional claims and he is not likely to succeed on the merits. (*See generally* Doc. No. 11). Thus, Plaintiff fails to show exceptional circumstances to warrant appointment of counsel.[1]

Accordingly, it is **ORDERED**:

Plaintiff's second motion to appoint counsel (Doc. No. 12) is DENIED without prejudice.

Dated:   December 21, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff is welcome to view the resources for *pro se* litigants available at https://prose.cacd.uscourts.gov/. While the website is specific to our neighboring Central District of California, it nonetheless contains information helpful for guiding *pro se* litigants in the Eastern District.